## McDONNELL v KUNTZ et

Ohio Appeals, 9th Dist, Lorain Co

No 818.   Decided May 10, 1937

Andrew M. Keep, Lorain, Milton Friedman, Lorain, and Milton A. Wiltse, Lorain, for appellant.

R. H. Rice, Elyria, for appellees.

## OPINION

By DOYLE, J.

This is an appeal on questions of law from the Court of Common Pleas of Lorain County, wherein the trial judge directed a verdict at the close of all the evidence in favor of the defendants, the appellees herein, and entered judgment upon the verdict.

It appears from the record that the appellees herein were engaged in the hauling and warehouse business in the city of Lorain under a partnership arrangement; that one Raymond Yingling, a resident of Lorain, was a member of the Emmanuel Church of that city, and in charge of the music of the Christian Endeavor Society of said church; that prior to December 24, 1933, Yingling, for and on behalf of the Christian Endeavor Society, arranged with Theodore Kuntz, one of the appellees, for the use of a truck owned by the partnership of which he was a member, to transport members of the society from place to place while they sang Christmas carols on Christmas Eve; that arrangements for the driving of said truck were made with one Herman Meier, a member of the church, by Yingling, and acquiesced in by Kuntz, who also was a prominent member of the church; that compensation for the driving was not discussed, and apparently Meier's services were donated, although one week later he was given $1 by Kuntz, apparently as a tip; that while returning the truck to the garage from which it had been taken, a collision occurred at a street intersection with a passenger car, in which collision an occupant of said passenger car was injured; that this action is a suit by said passenger against the partnership, predicated upon the claimed negligence of the driver (Meier), who, it is claimed, sustained the relation of servant to the said partnership.

Several propositions of error are urged in this court. We are of the opinion, however, that the controlling issue is that of the status of Meier, the driver of the truck. Is there any evidence in the record from which reasonable minds might reasonably infer that he, at the time of the accident, was acting as a servant of the partnership?

The Supreme Court of Ohio in **Midwestern Bottle Supply Co. v Perry, a minor, et, 129 Oh St 494,** and cases cited therein, established a rule applicable to charitable transactions such as is involved in the instant case.

The fact that the transaction herein was in no sense a business transaction, but wholly charitable, is a controlling element under the facts shown by the record.

We are of the opinion that there is no evidence in this record justifying the submission to the jury of the issue of master and servant, and therefore the trial court did not err in dericting a verdict for defendants.

The other errors of which complaint is made are deemed nonprejudicial.

Judgment affirmed.

STEVENS, PJ, and WASHBURN, J, concur in judgment.